UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
DERECK JACKSON            )
                          )
        V.                )    CIVIL ACTION NO. 04-12401-RCL
                          )
UNITED STATES OF AMERICA  )
```

GOVERNMENT'S OPPOSITION TO PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The government hereby opposes the motion of petitioner Dereck Jackson ("Jackson"), filed pursuant to 28 U.S.C. §2255, to vacate, set aside, or correct his federal sentence. As grounds therefor, and as more fully discussed below, Jackson's claim, even if it is not barred by the one year statute of limitations applicable to §2255 motions, see 28 U.S.C. §2255, is without merit.

**Procedural and Factual Background**

1.   On April 24, 2002, Jackson was indicted in a superseding indictment and charged with two counts of bank robbery. [Dk. 14]. On May 1, 2003, he pled guilty to both counts of the superseding indictment. [Dk. 5/1/03]. Sentencing was conducted on October 27, 2003. [Dk. 10/27/03]. At that time, Jackson was found to be a career offender and was sentenced to 172 months imprisonment. [Dk. 10/27/03]. Judgment was entered on this Court's docket on October 29, 2003. [Dk. 59].

2.   No direct appeal was taken.

3.   On June 24, 2004, the United States Supreme Court

decided <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). In <u>Blakely</u>, the Supreme Court relied on the principle announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), to hold that a sentence imposed under the Washington Sentencing Reform Act of 1981 violated the Sixth Amendment because the lower court had found facts that permitted it to exceed the standard maximum term permitted by the state statutory guidelines system for the offense of conviction. As of this date, the Supreme Court has not determined whether the United States Sentencing Guidelines (the "federal guidelines") suffer from the same constitutional infirmity that was fatal to the Washington sentencing scheme. However, two cases that present the <u>Blakely</u> issue in the context of the federal guidelines are currently under advisement, after an October 4, 2004 oral argument, by the United States Supreme Court. <u>United States v. Booker</u>, No. 04-104, and <u>United States v. Fanfan</u>, No. 04-105.

4.   On November 9, 2004, Jackson's §2255 motion was received by this Court. The sole claim Jackson raises, although advanced as three separate grounds, is that <u>Blakely</u> applies to the federal guidelines and prohibits judicial factfinding at sentencing, and accordingly, his sentence violates his Sixth Amendment right to a jury trial.

## Discussion

Jackson's unappealed judgment of conviction in this Court

became final no later than November 8, 2003, that is, at the expiration of the ten-day notice of appeal period.[1] Fed. R. App. P. 4(b)(1)(A)(i). The government will assume that his *pro se* petition was mailed from his custodial institution in Lewisburg, Pennsylvania, on or before November 8, 2004, making his §2255 motion timely if the judgment did not become final until the ten-day appeal period expired.

However, Jackson's Blakely argument, even assuming timeliness, has two fundamental flaws, even if Blakely is ultimately found to apply to the federal guidelines.[2]

First, Jackson was a career offender [PSR, ¶71], so the imposition of his sentence under U.S.S.G. §4B1.1 did not involve judicial factfinding. Because Apprendi, supra, expressly exempted criminal history determinations from the scope of its

---

[1] The government will assume, without conceding, that this Court's judgment became final for purposes of the statute of limitations applicable to §2255 motions upon the expiration of the time within which Jackson could have filed a notice of appeal. See Clay v. United States, 123 S.Ct. 1072 (2003) (holding that one year statute of limitations in §2255, in appealed cases, runs from the expiration of the 90-day period within which the defendant can file a writ of certiorari to the United States Supreme Court); Derman v. United States, 298 F.3d 34 (1st Cir. 2002) (same). Because Jackson's motion fails on the merits, it is not necessary to decide the timeliness question.

[2] Consistent with its position in earlier cases, the government believes that Blakely does not invalidate the federal guidelines. However, for the reasons that follow, which demonstrate that Jackson is not entitled to §2255 relief even if the Supreme Court ultimately decides the Blakely issue contrary to the government's position, this Court need not decide Blakely issue.

3

holding,³ and Apprendi is the foundational basis for Blakely, Jackson's right to a jury trial was not violated by his career offender sentence, even if Blakely applies to the federal guidelines.

Second, Blakely announced a new rule of procedure that does not apply retroactively to cases no longer pending on direct review, even if Booker and Fanfan extend the Blakely principles to the federal guidelines.  See generally Schriro v. Summerlin, 124 S.Ct. 2519, 2522-2524 (2004).  Summerlin is powerful authority in support of the conclusion that Blakely announced a procedural rule that is not exempted from the general rule that such rules do not apply in collateral proceedings after direct review is concluded.

Summerlin dealt with the retroactivity of the Supreme Court's prior holding in Ring v. Arizona, 536 U.S. 584 (2002). In Ring, the Court applied the Apprendi holding to a death sentence imposed as a result of judicial findings of certain specified aggravating factors.  The Court held that such factors had to be proved to a jury rather than a judge.  Id. at 603-609. The Summerlin Court held that the Ring decision rested entirely on the Sixth Amendment's jury-trial guarantee and did not

---

³In Apprendi, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added).

4

announce a new rule of substantive law (i.e. it did not alter the range of conduct Arizona law subjected to the death penalty). Summerlin, 124 S.Ct. at 2523.  The Court also rejected the argument that Ring announced a "watershed rule of criminal procedure" and thereby warranted retroactive application.  Id. at 2525.

As Blakely would, if it is applicable to the federal guidelines, apply the same Sixth Amendment jury-trial guarantee to federal guideline sentencing as the Supreme Court applied to Arizona's death penalty sentencing scheme, the holding of Summerlin regarding non-retroactivity of Ring to cases on collateral review is equally applicable to the retroactivity issue pertaining to the application of Blakely (if it is found by the Supreme Court to apply to the federal guidelines) to cases on collateral review.  See In Re Will C. Dean, Jr., 375 F.3d 1287, 1290 (11th Cir. 2004) (*per curiam*).

One final issue needs to be addressed.  Jackson has tried to avoid the non-retroactivity issue by framing one of his grounds for relief in terms of ineffective assistance of counsel. However, even under the standards applicable to ineffectiveness claims, he cannot prevail.

It is Jackson's burden in a §2255 proceeding to show entitlement to relief.  David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  In Strickland v. Washington, 466 U.S. 668, 686-

5

87 (1984), the Supreme Court articulated a two-part test to determine whether, in a given instance, the Sixth Amendment right to effective counsel has been violated.  First, the performance of counsel must have been deficient.  Second, the deficient performance must have prejudiced the defense.  Id.  Petitioners bear the burden of proof, by a preponderance of the evidence, on both prongs of the Strickland test.  Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993) (burden is a "very heavy" one).

The second part of the Strickland test requires a showing that a defendant was prejudiced by his counsel's substandard performance.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.  Thus, Jackson must prove not only that counsel's conduct fell below an objective standard of reasonableness, but that this prejudiced him in the sense that there is a reasonable probability that, but for counsel's errors, the result below would have been different.  Strickland, 466 U.S. at 687-688.

Here, looking at prejudice first, Jackson cannot meet his burden because his career offender sentence did not involve judicial factfinding.  Thus, even if Blakely principles are

6

ultimately determined to be applicable to the federal guidelines, Jackson's sentence did not violate his jury trial right.

Nor can Jackson satisfy the first prong of the <u>Strickland</u> standard, which requires a showing of deficient representation. It is not possible to find that Jackson's trial counsel's performance was constitutionally deficient for not raising a <u>Blakely</u> objection at the time of his sentencing.  First, as noted above, any <u>Blakely</u> argument would have been misplaced, as no judicial factfinding was necessary for this Court to impose a career offender sentence.  Second, even the United States Courts of Appeals are divided on whether <u>Blakely</u> applies to the federal guidelines.  See <u>United States v. Cordoza-Estrada</u>, 385 F.3d 56, 60 (1st Cir. 2004) ("The question of the continuing validity of the Sentencing Guidelines [post <u>Blakely</u>] is an issue that has roiled the federal courts, and split circuits.  [citations omitted]  Whatever the outcome, the answer is neither plain nor obvious at the time of this appeal.").  If the answer to the question of the validity of the federal guidelines is "neither plain nor obvious" after <u>Blakely</u> was decided, it could hardly be constitutionally deficient representation not to raise a <u>Blakely</u> argument at the time of Jackson's sentencing.

**Conclusion**

For the reasons stated above, Jackson's §2255 motion should be denied and this proceeding dismissed.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:  /s/ Timothy Q. Feeley
                          TIMOTHY Q. FEELEY
                          Assistant U.S. Attorney
                          (617) 748-3172

December 20, 2004

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

                Dereck Jackson
                Reg. No. 24039-038
                U.S.P. Lewisburg
                P.O. Box 1000
                Lewisburg, PA 17837

This 20th day of December 2004.

                              /s/ Timothy Q. Feeley
                              TIMOTHY Q. FEELEY
                              ASSISTANT UNITED STATES ATTORNEY